UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INDIA M. PROSSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-95-TLS |
| | ) |
| CARAVAN FACILITIES | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff India M. Prosser's Unopposed Motion for Partial Dismissal with Prejudice [ECF No. 19]. According to the Motion, "Counsel for Plaintiff and Defendant have conferred and agree that Plaintiff will dismiss, with prejudice, the [Americans with Disabilities Act (]ADA[)] association claims set forth in Plaintiff's Amended Complaint, with each party bearing his (sic) own attorney fees and costs associated with this claim."[1] (Pl.'s Unopposed Mot. ¶ 3, ECF No. 19.) The Plaintiff attests in this Motion that the Defendant, Caravan Facilities Management, LLC, is not opposed. (*Id.*) However, the Motion does not contain the Defendant's Attorney's signature. The Plaintiff also does not specify under what Rule of Civil Procedure she is seeking to dismiss this case pursuant to.

Under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure,

> [T]he plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an

---

[1] The Court notes that the Amended Complaint [ECF No. 16] does not appear to outright state a Count under the ADA. The Amended Complaint refers to the ADA twice: once in paragraph 2 and once in paragraph 19. It appears that the ADA association claims the Plaintiff and the Defendant refer to in their respective motions is contained in paragraph 19 of the Count "Plaintiff's Wage Act Claim," "Defendant's discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's protected rights under Title VII, § 1981, the ADA and Indiana state law." (Am. Compl. ¶ 19.)

> answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Fed. R. Civ. P. 41(a)(1). Here, the Court construes the Plaintiff's Motion as a notice of dismissal pursuant to Rule 41(a)(1).[2]

But the Plaintiff's request for each party to "bear[] its own attorney's fees and costs associated with this claim" is a fatal defect for this notice of dismissal.[3]

> The district court has no power to impose terms and conditions if a plaintiff properly dismisses by notice under Federal Rule 41(a)(1). Nor may the plaintiff seek a conditional dismissal under that portion of the rule. If the dismissal is by stipulation under Rule 41(a)(1), however, the parties are free to negotiate the conditions on which they agree to the stipulation. Accordingly, the authority of the court to require "such terms and conditions as the court deems proper" is limited to a motion for dismissal under Rule 41(a)(2).

9 Charles A. Wright, et al., *Federal Practice and Procedure* § 2366 (3d ed.). Because the Plaintiff's Motion contains a term or condition for dismissal, the Court must dismiss the motion under Rule 41(a)(1) because the Court construes it as a notice and not a stipulation between the parties.

Accordingly, the Court **DISMISSES** the Plaintiff's Motion for Partial Dismissal with Prejudice [ECF No. 19] and **GRANTS** the Plaintiff leave to refile a notice or stipulation for dismissal pursuant to Federal Rule of Civil Procedure Rule 41(a).

---

[2] The Court notes that the Defendant had previously filed its own Motion [ECF No. 17] to Dismiss the ADA association claims, and has not filed a response to the Plaintiff's Motion. But that does not convert the Motion into a stipulation.

[3] It is the "American Rule" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (quoting *Hardt v. Reliance Standard Life Ins., Co.*, 560 U.S. 242, 252–53 (2010)). But the ADA contains a fee shifting provision, in which "the court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs. . . ." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 601 (2001) (quoting 42 U.S.C. § 12205).

SO ORDERED on July 31, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
